IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CR-126-FL-1

| | | |
|---|---|---|
| DARION GRAHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 421) (the "§ 2255 motion"), and respondent's motion to dismiss (DE 427). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Robert T. Numbers, II entered memorandum and recommendation ("M&R") (DE 440), wherein it is recommended that the court deny petitioner's motion and grant respondent's motion. Thereafter, petitioner objected to M&R (DE 444) and filed motion to reduce sentence pursuant to § 5H1.1 of the United States Sentencing Guidelines (DE 449). In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R, denies petitioner's motions and grants respondent's motion.

### BACKGROUND

Petitioner pleaded guilty August 10, 2020, pursuant to a written plea agreement, to conspiracy to possess with the intent to distribute 1,000 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; two counts of distributing a quantity of heroin and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; and

possession with the intent to distribute 100 grams of heroin and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. In his plea agreement, petitioner waived his right to appeal or collaterally attack his conviction or sentence, except for claims of ineffective assistance of counsel or prosecutorial misconduct unknown to him at the time of his guilty plea.[1] The court sentenced petitioner February 16, 2021, to an aggregate term of 365 months' imprisonment and five years' supervised release. Petitioner appealed his conviction and sentence, asserting ineffective counsel, breach of plea agreement, and error in calculating the guidelines range. On February 1, 2023, the United States Court of Appeals for the Fourth Circuit dismissed the appeal as to the challenge to the guidelines and affirmed the court's judgment on the remaining claims.

Petitioner filed the instant § 2255 motion to vacate February 20, 2024, asserting ineffective assistance of counsel. Specifically, petitioner alleges ineffective assistance of counsel for failing to: file pretrial motions and communicate the consequences of pleading guilty; conduct an adequate pretrial investigation; negotiate a more favorable plea; obtain a competency evaluation; challenge a four-level leadership enhancement; object to drug quantity findings; dispute the advisory guideline range; and address sentencing disparities with codefendants and similarly situated individuals. The government argued in its motion to dismiss that the collateral attack waiver in petitioner's plea agreement bars many of the pre-conviction claims, petitioner's claims fail on the merits because they contradict his statements during his Rule 11 hearing and other

---

[1] In the signed plea agreement August 10, 2020, petitioner "knowingly and expressly [waived] the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, and further [waived] any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." (DE 238).

record evidence, and, ultimately, petitioner fails to state a claim upon which relief can be granted. Petitioner responded in opposition to the motion to dismiss.

In the M&R entered July 23, 2024, the magistrate judge recommends dismissing petitioner's ineffective assistance of counsel claims as barred by the collateral attack waiver in the plea agreement, contradicted by the record, and where petitioner presented no evidence that counsel was ineffective at sentencing. Petitioner thereafter filed objections to the M&R, and then filed motion to reduce sentence, pursuant to § 5H1.1 of the United States Sentencing Guidelines. In the motion to reduce sentence, petitioner argues that a November 1, 2024, amendment, addressing guidelines for youthful offenders, allows for more lenient consideration of prior offenses committed at a young age when determining sentencing.

## DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).[2] Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

---

[2] In citations in this order, all internal quotations and citations are omitted, unless otherwise specified.

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.      Analysis

The magistrate judge thoroughly and cogently addressed the grounds for dismissal of the instant petition. Upon de novo review of the claims asserted and the record in this case, the court overrules the objections and adopts the findings and recommendation in the M&R. Petitioner's objections reiterate allegations already addressed in the M&R and do not necessitate significant further analysis. However, the court will briefly address the issues raised in petitioner's objections to supplement the analysis provided in the M&R.[3]

The Sixth Amendment to the United States Constitution requires that a criminal defendant's counsel provide adequate legal assistance. Strickland v. Washington, 466 U.S. 668, 686 (1984). This right extends to all critical stages of a criminal case including, as relevant here, to sentencing and appeal. Lafler v. Cooper, 566 U.S. 156, 165 (2012).

---

[3] Petitioner references an array of non-binding case law, all of which the court has carefully reviewed, but none warrant a different outcome.

Strickland establishes a two-element test for ineffective assistance of counsel claims under the Sixth Amendment: a claimant must establish that 1) his counsel's representation "fell below an objective standard of reasonableness"; and 2) such performance prejudiced the claimant. Strickland, 466 U.S. at 688–93. Under the first prong, the court must be "highly deferential" to counsel's performance, avoiding "the distorting effects of hindsight" and presuming that "counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Under the second prong, a petitioner must demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. For guilty pleas, this means showing "a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). For sentencing, petitioner must show a "reasonable probability" of receiving a different sentence absent counsel's mistakes. See Sears v. Upton, 561 U.S. 945, 956 (2010). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

1. Collateral Attack Waiver

Petitioner's claims regarding pre-plea conduct by counsel, including his attorney's pre-trial investigation and motion filings, negotiation of a favorable plea, communication of the plea terms and consequences, and the decision not to pursue a competency evaluation, are barred by the collateral attack waiver in his plea agreement.

Under the agreement, petitioner waived his right to challenge his conviction or sentence in post-conviction proceedings, including those under 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel or prosecutorial misconduct that were unknown at the time of his plea. (DE 238). This waiver was upheld by the Fourth Circuit, which found the waiver knowing

5

and voluntary. United States v. Graham, No. 21–4601, 2023 WL 1433637, at *2 (4th Cir. Feb. 1, 2023); see also United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) (finding that absent extraordinary circumstances, sworn statements made during a Rule 11 colloquy are conclusive and claims contradicting them should be dismissed).

Once the validity of the waiver is established, the court must determine whether it encompasses the claims in petitioner's motion. See United States v. Block, 408 F.3d 162, 173 (4th Cir. 2005) (noting that plea bargains are governed by contract principles, ensuring both parties receive the benefit of their agreement). In this case, many of petitioner's claims fall within the waiver's scope. At the time of his guilty plea, petitioner was aware of his attorney's investigation, the status of pretrial motions, the plea agreement's negotiated terms and consequences, and the decision not to pursue a competency evaluation. Furthermore, petitioner fails to demonstrate a reasonable probability that, absent counsel's alleged errors, he would have rejected the plea agreement and opted to trial.

As such, the magistrate judge correctly determined these claims as barred by plea agreement.

2. Contradicted by Record

Petitioner argues that counsel was ineffective for failing to (1) request a competency evaluation (including pretrial investigation), (2) pursue a more favorable plea (including challenging the advisory guideline range, leadership enhancement, and drug quantity findings). However, the record contradicts these assertions.

    a. Competency Evaluation

Petitioner relies on non-binding case law, Holmes v. United States, 876 F.2d 1545, 1547 (11th Cir. 1989), and United States v. Miller, 760 F.2d 1116 (11th Cir. 1985), arguing that the

failure to obtain a competency evaluation prior to his guilty plea warrants an evidentiary hearing to resolve factual disputes. Yet, these claims are contradicted by the record showing petitioner was informed of his rights and assessed for competency during his plea colloquy. (Arr. Tr. (DE 303) at 14:13–16:11).

During the arraignment, the court conducted a thorough colloquy with petitioner to establish his competence. (Id. at 14:13-17:17). Petitioner confirmed his age (31), educational attainment (GED), ability to speak, read, and understand English, and affirmed his understanding of the charges, the nature of the proceedings, and the potential penalties. (Id.). When asked about any medical or psychiatric treatment, petitioner clearly stated he had not received any. (Id. at 14:24–15:03). He further confirmed his voluntary intent to plead guilty. (Id. at 13:23–27:22). Both petitioner's counsel and the government expressed no concerns regarding his mental competency. (Id. at 15:22-16:11). The court expressly found petitioner competent to participate in the proceedings and enter a plea. (Id. at 16:08-16:11). These sworn statements carry a "strong presumption of verity" and create a "formidable barrier" to collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73 (1977). At sentencing, petitioner was repeatedly described as intelligent—a quality evident in his ability to successfully operate a drug enterprise and manage gang members under him, maintaining this operation at a high level for an extended period. (Sen. Tr. (DE 305) at 14:25, 15:16–15:17, 112:10–112:23, 133:13).

Petitioner further argues that an evidentiary hearing is required, citing Friedman v. United States, 588 F.2d 1010, 1015 (5th Cir. 1979), and United States v. Briggs, 939 F.2d 222, 228 (5th Cir. 1991). However, these cases are non-binding in the Fourth Circuit. Moreover, a habeas petitioner must prove substantive incompetency by a preponderance of the evidence and procedural incompetency by showing the trial court ignored facts raising a "bona fide doubt" about

7

competency, neither of which petitioner has established here. Beck v. Angelone, 261 F.3d 377, 387–388 (4th Cir. 2001). Therefore, petitioner's claim that counsel was ineffective for failing to assess his competency is without merit.

      b.  Sentencing Claims

Petitioner claims that his attorney failed to pursue a more favorable sentence by not challenging the (1) advisory guideline range, (2) leadership enhancement, and (3) drug quantity findings. However, this assertion is contradicted by the record.

First, counsel sought to challenge the advisory guideline range and actively objected to the Presentence Report ("PSR"). Specifically, counsel raised objections regarding the firearm enhancement, which resulted in a reduction of the guideline range. (DE 305 at 16:11–17:16). Furthermore, counsel contested evidence of petitioner's alleged gang affiliation and witness intimidation. (Id. at 101:24–103:03, 103:04–105:03). Counsel also argued for a downward variance[4], supported by both written documentation and oral arguments. (DE 271; DE 305 at 136:11–137:13). These efforts demonstrate that counsel in fact challenged the forgoing sentencing issues.

Second, counsel did object to the leadership enhancement both before and during sentencing. (Def. Obj. (DE 270); DE 305 at 111:25–112:01). The court, however, upheld the enhancement based on the substantial evidence presented by the government, which showed that petitioner played a leadership role in a drug trafficking organization. (DE 305 at 110:13–111:23). Petitioner cites United States v. Slade, 631 F.3d 185, 190 (4th Cir. 2011), asserting that merely supplying drugs to others does not establish a leadership role. However, unlike Slade, the government presented substantial evidence showing that petitioner did, in fact, play a leadership

---

[4] The court determined that petitioner was seeking a downward variance instead of a downward departure. (DE 305 at 128:15–128:17).

role. He recruited individuals, directed their activities, arranged transportation, controlled drug distribution, and provided compensation. (DE 305 at 110:13–112:04 (discussing petitioner's leadership role in a drug trafficking organization involving more than five people, including his recruitment, direction of activities, and compensation)). Counsel's objections were in line with a reasonable defense strategy, and the evidence supports the court's decision to impose the leadership enhancement.

Cases cited by petitioner, such as United States v. Irlmeier, 750 F.3d 759, 764 (8th Cir. 2014), United States v. Gaines, 639 F.3d 423, 427 (8th Cir. 2011), United States v. Erhart, 415 F.3d 965, 973 (8th Cir. 2005), and United States v. Del Toro-Aguilera, 138 F.3d 340, 343 (8th Cir. 1998), support the court's finding that the leadership enhancement was warranted. These cases emphasize that a defendant may be subject to the enhancement even with limited supervisory involvement or in a single transaction, provided there is evidence of control over other participants. Id. Therefore, counsel's performance in this regard was not deficient, and there was no prejudice to petitioner's case.

Third, counsel did object to the drug quantity calculation, and the court overruled the objection after reviewing petitioner's letter disputing the calculation. (DE 305 at 117:12–117:16). The court found the PSR's drug weight calculation to be accurate, and petitioner's own admissions further corroborated the court's findings. (DE 303 at 26:14–27:08; DE 305 at 23:15–34:10, 116:08–117:16). Specifically, petitioner acknowledged possessing and distributing over 1,000 grams of heroin. (Id.). These sworn statements create a strong presumption of truth, barring collateral attacks on the accuracy of the drug quantity finding. Blackledge, 431 U.S. at 73.

9

Therefore, petitioner's claim that counsel was ineffective for failing to challenge the drug quantity findings is without merit.[5]

As such, the magistrate judge correctly determined the record does not support petitioner's claim that his attorney failed to advocate for a more favorable sentence.

3. Sentencing Disparity

Petitioner alleges his attorney was ineffective for failing to object to sentencing disparities between him and his co-defendants or others convicted of similar crimes. However, petitioner was the leader of a significant heroin distribution network, a gang member, and had a history of criminal activity, including attempts to intimidate witnesses. These factors distinguish his case, and national sentencing guidelines aim to reduce disparities across the system, not necessarily between co-defendants. United States v. Withers, 100 F.3d 1142, 1149 (4th Cir. 1996). As petitioner cannot demonstrate that his sentence resulted in an unwarranted sentencing disparity under § 3553(a)(6), he fails to establish that his attorney was ineffective for not raising this claim. As the magistrate judge explained, petitioner has not demonstrated that his attorney's performance at sentencing was deficient or that he suffered prejudice.

Therefore, the court dismisses petitioner's objections regarding the failure to conduct a competency evaluation (including pretrial investigation), the pursuit of a more favorable plea (including the advisory guideline range, leadership enhancement, and drug quantity findings), and the claim of unwarranted sentencing disparity.

---

[5] To the extent petitioner challenges the court's sentencing guidelines calculations, such claims are not cognizable under § 2255, as it does not permit challenges to guideline calculations absent extraordinary circumstances, which petitioner has failed to demonstrate. See United States v. Foote, 784 F.3d 931, 942 (4th Cir. 2015) (holding that errors in advisory guideline calculations are not cognizable under § 2255 unless they involve constitutional violations or result in a fundamental miscarriage of justice); United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999) (explaining that misapplications of the Guidelines do not rise to the level of a miscarriage of justice warranting § 2255 relief).

For these reasons, and those outlined in the M&R, petitioner's claims are dismissed for failure to state a cognizable claim for relief.

4. Motion to Reduce Sentence

Petitioner seeks to reduce sentence, pursuant to § 5H1.1 of the United States Sentencing Guidelines. Section 5H1.1 is the Sentencing Commission's policy statement regarding sentencing departures based on age. Amendment 829 to the Sentencing Guidelines, effective November 1, 2024, revises the policy statement in § 5H1.1 to address in more detail the relevance of age in sentencing. This provision, however, does not permit post-conviction reduction in defendant's sentence. See U.S.S.G. § 5H.1.1. In addition, while § 5H1.1 permits departures from the guidelines based on a defendant's age, it does not mandate reduction in the applicable guidelines range, as necessary to seek post-conviction sentence reduction under 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(o). See United States v. Goodwyn, 596 F.3d 233, 234–35 (4th Cir. 2010); U.S.S.G. § 1B1.10.

In the instant, post-judgment procedural posture, the court cannot otherwise reduce defendant's sentence on the basis solely of age at the time of offense. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 (describing circumstances in which defendant can seek reduction in sentence through compassionate release, which does not include youth at the time of offense). Accordingly, the court denies the instant motion to reduce sentence.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-

11

38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court ADOPTS the M&R (DE 440). Petitioner's § 2255 motion (DE 421) is DENIED, and respondent's motion to dismiss (DE 427) is GRANTED. This action is DISMISSED with prejudice for failure to state a claim upon which relief can be granted. A certificate of appealability is DENIED. The clerk is DIRECTED is close this case. In addition, petitioner's motion to reduce sentence (DE 449) is DENIED.

SO ORDERED, this the 14th day of January, 2025.

LOUISE W. FLANAGAN
United States District Judge